UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ORPHEUS GOLPHIN,

                        Plaintiff,

   -against-

NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION, KELVEN BEST, Individually,
ARIA CASTELLANO, Individually, OUG YANG,
Individually, BRANDON MCDOWELL, Individually,
GISELLE WICKHAM, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names
are presently unknown),

                        Defendants.
-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 7843 (PAE)

<u>Jury Trial Demanded</u>

      Plaintiff ORPHEUS GOLPHIN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ORPHEUS GOLPHIN is a forty-five-year-old African American resident of the State of New Jersey.

7. Defendant NEW YORK CITY HEALTH AND HOSPITAL CORPORATION (hereinafter "HHC") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant HHC maintains the New York Health and Hospitals Corporation Police Department (hereinafter referred to as "HHCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, HHC.

9. That at all times hereinafter mentioned, the individually named defendants, KELVEN BEST, ARIA CASTELLANO, OUG YANG, BRANDON MCDOWELL, GISELLE WICKHAM, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the HHC.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant NYC HHC.

## FACTS

12.     On July 8, 2015, at approximately 9:00 a.m., inside of Bellevue Hospital, located at 402 1st Avenue, New York, New York, HHC employees, supervisors, and police officers, acting under color of law, assaulted and battered, falsely arrested, unlawfully imprisoned and thereafter, maliciously issued process to ORPHEUS GOLPHIN.

13.     On the aforesaid date and at that time, plaintiff was lawfully present inside of Bellevue Hospital when he was rudely spoken to by defendant HHCPD Officer KELVEN BEST.

14.     Plaintiff informed defendant BEST he was going to report him for his rude conduct.

15.     In response, defendant BEST unlawfully grabbed plaintiff by the neck and slammed plaintiff against the wall.

16.     Thereafter, additional HHCPD officers arrived, including but not limited to defendant HHCPD Officers ARIA CASTELLANO, OUG YANG, BRANDON MCDOWELL, and Sergeant GISELLE WICKHAM.

17.     One of the officers unlawfully placed plaintiff in a chokehold.

18.     Plaintiff was thereafter handcuffed and imprisoned by HHCPD in a holding room inside of Bellevue, where he was held handcuffed to a bench.

19.     Plaintiff was allowed to use the restroom, but was improperly monitored by a female officer.

20. Plaintiff was then re-cuffed to the bench in an overtight manner for approximately 30 to 40 minutes before his handcuff was loosened.

21. Plaintiff remained handcuffed to the bench for another 20 minutes before being released with summons no. 423615744-5, which was sworn to by defendant BEST, and falsely charged plaintiff with disorderly conduct.

22. Defendant BEST caused the summons to be issued to plaintiff based on false allegations which he swore to for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid an investigation and/or discipline for the above described illegal use of force and arrest of plaintiff.

23. Defendant BEST issued said summons with malice and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for the above described abuses of authority.

24. Defendant BEST created and manufactured false evidence which he conveyed to the New York County District Attorney's Office and to New York County Criminal Court so that said false evidence could be used against him in the aforementioned legal proceeding. Specifically, defendant BEST swore to false claims which formed the basis of the criminal charges of disorderly conduct filed against plaintiff.

25. The summons compelled plaintiff to appear in criminal court, located at 346 Broadway, New York, New York on August 27, 2015, on which date plaintiff was informed all the false charges had been dismissed and sealed.

26. Defendants BEST, CASTELLANO, YANG, MCDOWELL, WICKHAM and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

27.     Defendant WICKHAM supervised defendants BEST, CASTELLANO, YANG, MCDOWELL, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest of and use of force against plaintiff.

28.     Defendant BEST, CASTELLANO, YANG, MCDOWELL, WICKHAM and JOHN and JANE DOE 1 through 10 owed a duty to plaintiff to ensure his safety in their custody.

29.     Defendant BEST, CASTELLANO, YANG, MCDOWELL, WICKHAM and JANE DOE 1 through 10 breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody

30.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the HHC, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

31.     The aforesaid event is not an isolated incident.  Defendant HHC is aware from lawsuits, notices of claims, complaints filed against HHCPD, that HHCPD officers, including the defendants, are insufficiently trained regarding the use of force.

32.     Defendant HHC is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant HHC has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33.     Moreover, upon information and belief, defendant HHC was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as HHCPD officers.  Despite such notice, defendant HHC has retained these officers, and failed to adequately train and supervise them.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff ORPHEUS GOLPHIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendant officers arrested plaintiff ORPHEUS GOLPHIN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41. Defendant officers caused plaintiff ORPHEUS GOLPHIN to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff ORPHEUS GOLPHIN'S constitutional rights.

45. As a result of the aforementioned conduct of the defendant officers, plaintiff ORPHEUS GOLPHIN was subjected to excessive force and sustained serious physical injuries and emotional distress.

46. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THRID CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendant BEST issued criminal process against plaintiff ORPHEUS GOLPHIN by causing his arrest and issuing plaintiff a criminal court summons.

49.     Defendant BEST caused plaintiff ORPHEUS GOLPHIN to be arrested and issued a summons in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his and his fellow officer's acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

50.     As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(<u>Violation of Right to Fair Trial under 42 U.S.C. § 1983</u>)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendant BEST created false evidence against plaintiff ORPHEUS GOLPHIN.

53.     Defendant BEST forwarded this false evidence to the New York County District Attorney's Office and to New York County Criminal Court to be used against plaintiff ORPHEUS GOLPHIN in a legal proceeding.

54.     As a result of defendants' creation and use of false evidence, plaintiff ORPHEUS GOLPHIN suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

55.     As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants had an affirmative duty to intervene on behalf of plaintiff ORPHEUS GOLPHIN, whose constitutional rights were being violated in their presence by other officers.

58. The defendants failed to intervene to prevent the unlawful conduct described herein.

59. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN was subjected to excessive force, arrested, he was denied his right to a fair trial, and he was put in fear of his safety.

60. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The supervisory defendants, including but not limited to WICKHAM, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the HHCPD included, but were not limited to, using excessive force against individuals and falsely arresting individuals to justify said use of force. In addition, the HHC engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ORPHEUS GOLPHIN'S rights as described herein. As a result of the failure of the HHC to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant HHC has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the HHC and the HHCPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ORPHEUS GOLPHIN.

68. The foregoing customs, policies, usages, practices, procedures and rules of the HHC and the HHCPD were the direct and proximate cause of the constitutional violations suffered by plaintiff ORPHEUS GOLPHIN as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the HHC and the HHCPD were the moving force behind the Constitutional violations suffered by plaintiff ORPHEUS GOLPHIN as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the HHC and the HHCPD, plaintiff ORPHEUS GOLPHIN was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ORPHEUS GOLPHIN'S constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff ORPHEUS GOLPHIN of federally protected rights, including, but not limited to, the right:

   A. To be free from false arrest/unlawful imprisonment;

   B. To be free from excessive force; and

   E. To be free from the failure to intervene.

73. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the HHC, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76. HHC has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. Plaintiff has complied with all conditions precedent to maintaining the instant action.

79. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN was placed in apprehension of imminent harmful and offensive bodily contact.

82. As a result of defendant's conduct, plaintiff ORPHEUS GOLPHIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83. The individually named defendants assaulted plaintiff. Defendant HHC, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

84. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants made offensive contact with plaintiff ORPHEUS GOLPHIN without privilege or consent.

87. As a result of defendants' conduct, plaintiff ORPHEUS GOLPHIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88. The individually named defendants battered plaintiffs. Defendant HHC, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

89. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York)

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendant BEST issued criminal process against plaintiff ORPHEUS GOLPHIN by causing him to be arrested and causing his appearance in New York County Criminal Court.

92.     Defendant BEST compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for him and his fellow officers for their abuse of authority.

93.     Defendant HHC, as employer of defendant BEST, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

94.     As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Upon information and belief, defendant HHC failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff ORPHEUS GOLPHIN.

97.     Defendant HHC knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

98.     As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Upon information and belief the defendant HHC failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously prosecuted plaintiff, and who deprived plaintiff of his right to a fair trial.

101.    As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THRITEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant HHC and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

104.    Defendant HHC, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

105.    As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

108. As a result of the foregoing, plaintiff ORPHEUS GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ORPHEUS GOLPHIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 19, 2017

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiff ORPHEUS GOLPHIN
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

By:    s/ Brett Klein
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ORPHEUS GOLPHIN,

                                            Plaintiff,

     -against-                                                  16 CV 7843 (PAE)

NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION, KELVEN BEST, Individually,
ARIA CASTELLANO, Individually, OUG YANG,
Individually, BRANDON MCDOWELL, Individually,
GISELLE WICKHAM, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names
are presently unknown),

                                           Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132